### CINCINNATI v. CATHARINE WEBER.

1. EXCEPTION TO REFUSAL TO PERMIT ANSWER TO QUESTION.

    An exception to a refusal by the court to permit a witness to answer a question is not properly saved unless it appear from the record what the answer would have been.

2. RULE AS TO INQUIRY AS TO REASONABLENESS OF GRADE.

    The limitation of the liability of municipalities by the Supreme Court in Akron v. Chamberlain, 34 Ohio St, 328, to cases where damages result from changing an established grade and from establishing an unreasonable grade, does not permit an inquiry into the reasonableness of an established grade, unless it appear that the establishment of the grade was wantonly or recklessly done.

J. D. Creed, Otto Renner, Harper & Allen, for plaintiffs in error.

Frank H. Kunkel, A. H. Morrill, for defendants in error.

GIFFEN, J. (Orally.)

This was an action to assess damages sustained by property owners by reason of the proposed improvement of Guy street in this city, pursuant to claims filed by the property owners. Upon the conclusion of the testimony the court directed the jury to return a verdict in favor of the city.

It is claimed that the court erred because there was testimony tending to show that the city had established by ordinance an unreasonable grade, and that the defendant, Catharine Weber, had constructed her buildings on the premises and her improvements long subsequent to the establishment of this grade.

It is also claimed that the court erred in refusing to allow witnesses to testify as to the reasonableness or unreasonableness of this grade so established; but in every instance where the court so refused, although

the exception was taken to the refusal, it does not appear by the record what the answer would have been had the witness been permitted to answer, consequently the exception was not properly saved.

As to whether the court erred in arresting the case on the ground that the testimony was immaterial under the circumstances of this case, it appears from the testimony that the grade was established in 1875, and that the improvements were made twelve or fifteen years thereafter, and that the resolution for the improvement under this ordinance was passed, I believe in 1900, about twenty-five years after the establishment of the grade by the ordinance.

In Akron v. Chamberlain Co., 34 Ohio St. 328, the second proposition of the syllabus is as follows:

" The liability of a municipality for injury to buildings on abutting lots, exists only where such buildings were erected with reference to a grade actually established, either by ordinance or such improvement of the street as fairly indicated that the grade was permanently fixed, and the damages resulted from a change of such grade; or, where the buildings, if erected before a grade was so established, were injured by the subsequent establishment of an unreasonable grade."

Clearly, therefore, had there been no grade established by the city and these improvements had been made, it would have been competent for the jury to inquire whether a subsequently established grade was a reasonable one or not; and it seems on the same line of reasoning that if there is an ordinance establishing the grade and the city has taken no steps to improve in pursuance to that grade for twelve or fifteen years, that the reasonableness of that grade established by ordinance could be questioned by abutting owners. But we have been unable to avoid the force and effect of this syllabus in the case just read, and were we to hold that the reasonableness of this grade so established could be inquired into, it would contravene the doctrine laid down by this case which limits the liability of the city to two classes of cases named therein; and following that decision we must necessarily affirm the judgment of the court below.

But we do not wish to be understood that if it appear that the establishment of the grade by the ordinance was wantonly and recklessly done and that an impossible grade had been established, that anyone would be bound thereby and that that question could not be inquired into; but we think that the testimony offered in this case does not tend to show that the city authorities were not in the proper exercise of the power vested in them.